UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF LUIGI CANGIANO,
as Owner of the 1994 23-foot WELLCRAFT
ECLIPSE #236, M/V "MARGARITAVILLE"
Hull No. WELEGA76L394,
REGISTRATION CT4425BD,
her tenders, gear, furniture, tackle,
appurtenances, etc.,

Petitioner.

Civil Action No.
No. 3:19-cv-169 (CSH)

MARCH 21, 2019

## ORDER APPROVING SECURITY, DIRECTING ISSUE OF NOTICE, RESTRAINING SUITS AND DIRECTING THE FILING OF CLAIMS

**Haight, Senior District Judge:**

A Complaint was filed in this action on February 5, 2019, by petitioner Luigi Cangiano (also "Petitioner" or "Owner"), as the owner or *pro hac vice* owner of the 1994 23-foot Wellcraft Eclipse #236 express cruiser powerboat M/V "MARGARITAVILLE", Hull No. WELEGA76L394, Registration No. CT4425BD (the "Vessel"). In that Complaint, the Petitioner asserts entitlement to the protections of exoneration and/or limitation of liability pursuant to 46 U.S.C. § 30501, *et. seq.* and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules").[1] In particular, he requests

---

[1] Section 30505 states, in pertinent part:

In general. . . . [T]he liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) [defined in broad terms] shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.

1

exoneration from and/or limitation of liability for any claims of damage or injury arising from the Vessel's voyage from the West Haven Yacht Club in West Haven, Connecticut, to New Haven Harbor and back on September 17, 2018. Doc. 1, ¶ 3.

Cangiano explains that on that date, the three passengers aboard the Vessel – namely, Diane Mathews, Cindy Vincent, and Donald Foy – allegedly sustained personal injuries when the Vessel made contact with a bridge abutment and/or piling (herein "the Incident"). *Id.*, ¶¶ 4-5. During the Incident, the Vessel's engine transmission was either not engaged and/or the Vessel was drifting with the current and not making way. *Id.*, ¶ 5. According to the Owner, the Vessel sustained only minor damage. *Id.*

Leann Riether, Esq., counsel for the three named passengers, provided a written notice of their claim to the Owner on October 30, 2018, in which she stated:

> Please be advised that this office represents the above named individuals who are making a claim for severe personal injuries as a result of a boating accident which occurred on September 17, 2018 whereby your [ ] boat struck a piling near the Water Street Bridge, New Haven, Connecticut.

*Id.*, ¶ 6. This notice did not include an amount for the claim. However, the Owner states that he believes that the "claimed injuries are not serious." *Id.* "Reportedly, Mr. Foy received stiches [sic] for a hand laceration, Ms. Vincent suffered bumps and bruising to her head and face, and Ms. Mathews received no medical treatment following the Incident." *Id.*

The Owner disavows that any losses, damages, or injuries from said Incident were "caused or contributed to by any fault, neglect, design or want of due care or due diligence." *Id.*, ¶ 8. He further states that he used due diligence to make the Vessel seaworthy for the September 17, 2018,

---

46 U.S.C. § 30505(b).

2

voyage, "and at all relevant times the vessel was tight, staunch, strong, fully manned, properly equipped and supplied, and in all respects seaworthy and fit." *Id.*, ¶ 7.

"Alternatively, and without admitting liability" for damages arising from the Incident, the Owner now requests the "benefits of the limitation of liability provided in 46 U.S.C. § 30501, *et seq*." *Id.*, ¶ 9. He anticipates that the claims asserted against him will exceed his interest in the Vessel on the date of the Incident, which, as set forth below, he has stated via his counsel's attached "Affidavit of Value" [Doc. 1, Ex. 1] did not exceed Six Thousand One Hundred Fifteen Dollars ($6,115).[2] Petitioner has thus requested leave to file with the Court an *Ad Interim* Security for Value in the amount of $6,115, the asserted value of Petitioner's interest in said Vessel, plus interest at the rate of 6% per annum from the present date, plus costs in the amount of $250, as security for the benefit of claims.[3]

Upon the Petitioner's present motion for exoneration and/or limitation of liability for any and all losses, damages, injuries, or destruction occasioned by the Incident, which occurred on September 17, 2018, the Court hereby ORDERS:

1. Petitioner is granted leave to file his proposed "*Ad Interim* Security for Value" [Doc. 1-2] for the benefit of claims in the sum of $6,115, plus interest at the rate of 6% per annum from the date hereof, plus costs in the amount of $250, without prejudice to any interested party's right to seek a

---

[2] This amount is the appraised value by George Stafford of Stafford Marine Service, LLC. According to the affidavit filed by Petitioner's counsel, Stafford is a marine surveyor certified by the National Association of Marine Surveyors, Inc., and the principal of Stafford Marine Service, LLC. Doc. 1-1, at 1-2 (" Affidavit of Value" by Charles E. Murphy). The details underlying this appraisal are set forth in Stafford's "Limitation Action Appraisal" [Doc. 1-1].

[3] Petitioner asserts that because the Vessel was a recreational vehicle, there is and was no pending freight. Doc. 1, ¶ 13. He is left to his proof as to this statement.

modification as provided by Supplemental Rule F(7). *See* Fed. R. Civ. P. SUPP. AMC Rule F(7).

2. Petitioner and any claimant who may properly become a party to this action may contest the amount of value of Petitioner's interest in the Vessel as contained in the Complaint, together with adequate security, as the Court may from time to time order.

3. Petitioner's election to post security in the form of an *Ad Interim* Security for Value is done without prejudice to his right to seek modification of the form and quantum of the security, including by substitution of an approved Interim Stipulation for Value.

4. If the amount and form of security is not contested by any claimant herein, said security will stand and an appraisal by a Commissioner will not be required.

5. Upon entry of this Order, the Clerk of the Court shall issue forthwith the attached "Notice of Petition for Exoneration from or Limitation of Liability" (herein "Notice") to all persons asserting claims with respect to which the Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of the Court, in writing, and to serve a copy of said claims on Petitioner's attorney on or before **May 29, 2019**, pursuant to Supplemental Rule F(4), or be defaulted. *See* Fed. R. Civ. P. SUPP. AMC Rule F(4).

6. Once issued the Notice shall be published in the *New Haven Register* and the *Connecticut Post* newspapers once a week for four (4) successive weeks – from **April 29, 2019, to May 24, 2019 –** which weeks precede the return date for claims, **May 29, 2019.**

7. The Petitioner shall also, not later than the second publication of the Notice in the aforementioned newspapers, serve personally or mail a copy of the Notice to every person known to have made any claim against the Vessel or the Petitioner arising out of the Incident (*i.e.*, the

4

voyage or trip on September 17, 2018).[4]

8. Any claims filed shall specify the particular facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. *See* Fed. R. Civ. P. SUPP. AMC Rule F(5). Moreover, any claimant who wishes to contest either the Owner's right to exoneration from or right to limitation of liability shall file and serve an Answer to the Complaint on or before **May 29, 2019**, which will follow the issuance of the Notice by the Clerk by more than 60 days.[5] Failure to file an Answer, or claim containing an Answer, by said date will constitute default.

9. Within 30 days after the filing deadline for claims, on or before **June 28, 2019**, the Petitioner shall mail to each claimant or his/her attorney, if he or she is so represented, a list of (1) the name of each claimant, (b) the name and address of the claimant's attorney (if he or she is known to have one); (c) the nature of the claim (*e.g.*, property loss, damage, personal injury, *etc.*), and (d) the amount of said claim. *See* Fed. R. Civ. P. SUPP. AMC Rule F(6).

10. Any claimant may by motion demand that the funds deposited with the court as the *Ad Interim* Security for Value be increased on the ground that they are less than the value of the Petitioner's interest in the vessel.[6] If such a demand arises, the Court will cause "due appraisement to be made of the value of the [Petitioner's] interest in the [V]essel"; and if the Court finds that the

---

[4] Service of the Notice may, alternatively, be made on the attorneys of such claimants if they are known to be represented.

[5] A claimant need not file a separate Answer if he or she has done so in his claim and designated that portion as his or her Answer.

[6] With respect to the value of pending freight, Petitioner has asserted that there was none. *See* n.3, *infra*.

deposit or security is either insufficient or excessive, it will adjust the amount accordingly by increase or reduction. *Id.* Rule F(7). .

11. Upon a finding of liability, the fund deposited or secured (or the proceeds of the Vessel) shall be divided *pro rata* among the claimants, subject to all relevant provisions of law, in proportion to the amounts of their respective claims, duly proved, unless any party has a priority to such funds through a legal entitlement. *Id.* Rule F(8).

12. Further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against Petitioner, and the taking of any steps and the making of any motion in such actions, suits or proceedings against the Petitioner, or against the agents, representatives, or insurers of the Petitioner or the Vessel except in this action, to recover damages for or in respect to any loss, damage or injury caused by or resulting from the aforesaid Incident on September 17, 2018, as alleged in the Complaint, are hereby RESTRAINED, STAYED, and ENJOINED until the hearing and determination of this action. Also, all warrants of arrest and/or attachment issued in such other suits, actions or legal proceedings are likewise PROHIBITED pending resolution of this matter.

13. Petitioner must serve this restraining order on any person or claimant to be restrained, and/or said person or claimant's respective attorney and may do so by mailing a copy thereof through the United States Postal Service with return receipt requested.

14. This Order neither expresses nor intimates an opinion by the Court with respect to the merits of the claims, defenses, or disputes arising out of the Incident referred to herein.

The foregoing is SO ORDERED.

Signed: New Haven, Connecticut
      March 21, 2019

                                            */s/Charles S. Haight, Jr.*
                                            CHARLES S. HAIGHT, JR.
                                            Senior United States District Judge